AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

United States of America )
v. )
) Case No. 21-8387-SMM
TIFFANY LORRAINE CANDOFF )
)
)

Defendant(s)

FILED BY____CGA____D.C.
Oct 8, 2021
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Fort Pierce

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __between October 1 and 7, 2021__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1), 846 and 841(b)(1)(A)(vi) | Attempt to possess with intent to distribute 400 grams or more of fentanyl |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

DEA TFO Tyler G. Witt
Printed name and title

Sworn to and attested to me by Affiant on this 8th day of October 2021, by Telephone (Facetime) per Fed. R. Crim. P.4(d) and 4.1

Date: October 8, 2021

_____
Judge's signature

City and state: Fort Pierce, Florida

Shaniek M. Maynard, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT

I, Tyler Witt, first being duly sworn, do hereby depose and state as follows:

### Introduction

1. This affidavit is submitted in support of a criminal complaint and arrest warrant charging Tiffany Lorraine CANDOFF (hereinafter CANDOFF) with attempt to possess with intent to distribute 400 grams or more of fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1), 846 and 841(b)(1)(A)(vi).

2. Your affiant is a deputized Task Force Officer (TFO) assigned to the Miami Field Division, West Palm Beach District Office of the Drug Enforcement Administration (DEA). I have been a TFO since September 2020 and I am a Law Enforcement Officer within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516(1) and in Title 21, United States Code, Section 878.

3. The information contained in this affidavit is based on my own personal knowledge, as well as information provided to me by other law enforcement officers and agents. This affidavit is submitted for the limited purpose of establishing probable cause. It does not describe everything known to your affiant concerning the investigation.

### Probable Cause

4. On or about September 30, 2021, United States Postal Inspection Service (USPIS) was conducting proactive searches on postal databases and identified a subject parcel as bearing common characteristics to parcels containing narcotics. The subject parcel bears United States Postal Service (USPS) Priority Mail Express Tracking Number EI076275138US and was addressed to "Jeffers Albert, 2135 Dock St., West Palm Beach, FL, 33401." The return address

1

was addressed to "Zijuro Mendoza, 2518 W. 5th St., Apt.104, Los Angeles, CA, 90057." The following information was gathered from C.L.E.A.R., a database containing the personal identification information of subjects and businesses throughout the United States, the addresses are recognized as valid. The Subject Parcel has the following characteristics that fit the profile of known mailings of narcotics or narcotics proceeds:

    a)    The identity of the sender listed on the parcel is "Zijuro Mendoza." According to C.L.E.A.R., the return address is recognized as a valid address. However, no person by the name of "Zijuro Mendoza" is associated with that address;

    b)    The parcel does not have a business account number;

    c)    The identity of the intended recipient of the Subject Parcel is "Jeffers Albert." According to C.L.E.A.R., this address is recognized as a valid address. But no person by the name of "Jeffers Albert" is associated with this address. However, law enforcement officers have had contact with a person named Albert Jeffers within the last month at that location.

    5.    The sender zip code 90057 on the parcel corresponds to California. Based on agents' knowledge, training, and experience, California is a known source area for controlled substances being mailed throughout the United States. The proceeds from these narcotic transactions are then transported back to California via the U.S. Mail, or other means.

    6.    On or about October 2, 2021, at approximately 7:30 a.m., the subject parcel was placed in an open-air setting among similar sized parcels lined up on the floor of the USPS Office located at 3200 Summit Boulevard, West Palm Beach, FL, 33406. All parcels were examined by a narcotics-trained canine named "Blitz," who alerted to the subject parcel for the presence of narcotics. Palm Beach County Sheriff's Office Deputy Mark Alexander and "Blitz" have trained

and worked as a team for approximately three years. "Blitz" has successfully completed 240 hours of Narcotics Detection Courses, was first certified in January 2019, and is certified in the detection of marijuana, cocaine, heroin, methamphetamine and ecstasy as well as derivatives. "Blitz" is certified on a yearly basis.

7. At approximately 6:00 p.m., the subject parcel was opened pursuant to a Federal Search Warrant signed by the Honorable Judge Shaniek M. Maynard on October 2, 2021 (21-8374-SMM). Within the parcel, law enforcement recovered 1,080 grams of a white powdery substance. Based upon agent training and experience and field testing, the substance found inside the subject parcel was identified as fentanyl a schedule II controlled substance.

8. On October 4, 2021 at approximately 2:00 p.m., agents from the USPIS, Drug Enforcement Administration (DEA), Homeland Security Investigation (HSI), West Palm Beach Police Department (WPBPD), and Florida Highway Patrol (FHP) conducted a controlled delivery of the subject parcel (containing substances appearing to be fentanyl – referred to as "sham") to the residence located at 2135 Dock Street, West Palm Beach, Florida 33401. The subject parcel contained a GPS/signaling device. The outer part of the subject parcel was a brown ready post box, which contained a white USPS box. The subject parcel was delivered by USPIS acting in an undercover (UC) capacity to 2135 Dock Street, West Palm Beach, Florida. The subject parcel was placed to the right of the front door.

9. While conducting surveillance, agents saw who they recognized to be CANDOFF exit the residence and walk past the package sitting at the front door. At one point in the evening, while agents were conducting surveillance, CANDOFF drove to a location a short distance away from the residence. It appeared that she left the residence with a male acquaintance. Eventually, CANDOFF returned to 2135 Dock Street prior to 7:00 p.m. Only one male and one female were

seen coming and going from the residence during the period of surveillance between approximately 2:00 p.m. and 7:15 p.m.

10. The subject parcel sat stationary until approximately 7:00 p.m. when agents noticed movement of the subject parcel based on the GPS placed inside the parcel by law enforcement. The GPS showed the subject parcel move to the driveway from the front of the house. After seeing the GPS movement, agents drove by the residence and observed the open driver's door of a blue Volkswagen Jetta bearing Florida License Plate 72AATZ which is known to be owned by CANDOFF. Due to the darkness of night, agents were unable to positively identify the occupant of the vehicle or where the subject parcel was located other than for the GPS positioning.

11. At approximately 7:15 p.m., agents observed a tan/gold Toyota Prius arrive at 2135 Dock Street, West Palm Beach, Florida, and park in front of the residence. Agents observed the silhouette of an individual walk to the Prius and contact the driver of the Toyota Prius. The individual who approached the Prius walked away from the vehicle and back towards the residence.

12. The Toyota Prius left the area and agents conducted surveillance of the vehicle. The GPS/signaling device confirmed the subject parcel was inside the Toyota Prius. Agents followed the vehicle to the area of Interstate 95 just south of Indrio Road (mile marker 135), near Fort Pierce, Florida. FHP conducted an investigative traffic stop on the vehicle at that location.

13. FHP conducted a vehicle search and located the subject parcel, which is the parcel bearing United States Postal Service (USPS) Priority Mail Express Tracking Number EI076275138US, addressed to "Jeffers Albert, 2135 Dock St., West Palm Beach, FL, 33401." The FHP Trooper found that the brown outer ready post box of the parcel had been opened and that the white USPS parcel within the ready post box was unopened. Agents spoke to the driver of the

Prius who identified himself as a Lyft driver.[1] The Lyft driver will be referred to herein as the cooperating witness (CW). The CW informed agents that he had been conducting a Lyft ride to deliver package. The CW informed agents he was driving the package for an individual identified through the Lyft application as "Tiffany." The photograph appearing on the application was a female who was positively identified by agents as CANDOFF. The CW gave agents his cellular telephone to view the Lyft application. The Lyft application showed messages between the CW and CANDOFF. CANDOFF informed the CW, "I need a package dropped off to my friend its 110 mils north is that ok?" The CW agreed to this and accepted the ride. The application showed he was currently on a Lyft trip for CANDOFF with a pickup location at 2135 Dock Street, West Palm Beach, Florida, and a specific destination in Melbourne, Florida.

14. The CW told agents the female provided him with the package. He described the package as a brown box which was given to him inside a white plastic bag. The CW told agents that when the package was inside of his vehicle, he began to transport it. The CW had no knowledge of the contents of the subject parcel.

15. FHP provided the CW with a photo lineup which included CANDOFF. The CW told FHP Troopers he could not identify any individual in the photo lineup. The CW told Troopers that it was dark, and he only knew that the individual who had given him the package was a female.

16. During the traffic stop, the CW received messages through the Lyft application from CANDOFF asking if everything was okay. With permission from the CW, a USPIS agent (hereinafter UC) replied that he had a flat tire and was waiting for AAA. Following the conclusion of the traffic stop, agents were notified by the CW that CANDOFF had attempted to call him

---

[1] Lyft is an application offering vehicles for hire. People interested in getting a ride will utilize the application to contact a person willing to drive them to another location for a fee. The application is supported by a smart phone.

through the Lyft application multiple times with no contact. At approximately 11:30 p.m., the CW met with agents again and attempted to contact CANDOFF. Communication with CANDOFF could not occur because the Lyft ride connection was no longer active in the Lyft application.

17. The following day on October 5, 2021, a USPIS UC texted CANDOFF at phone number 820-200-9407, which is a phone number known by agents to belong to CANDOFF. The UC explained that he had the subject parcel and wanted to return it to CANDOFF. Thereafter, the UC received a reply text from 747-724-5193, a number later identified as a phone number used by CANDOFF. The UC and CANDOFF continued to communicate through text messages and recorded telephone calls. The UC told CANDOFF that he was the son of the Lyft driver, he had her package and he wanted to return it. The UC and CANDOFF agreed to arrange a transfer of the subject parcel.

18. On October 7, 2021, the UC exchanged a series of text messages with telephone number 747-724-5193, which is a phone number known to be used by CANDOFF. During that exchange, CANDOFF agreed to meet the UC at 2:30 p.m. in the area of 2015 Okeechobee Boulevard, West Palm Beach, Florida, 33409, to receive the subject parcel. The UC was equipped with a recording device prior to meeting CANDOFF.

19. At approximately 2:30 p.m., CANDOFF arrived in the shopping center parking lot of 2015 Okeechobee Boulevard, West Palm Beach, in her 2017 blue Volkswagen Jetta. Thereafter, CANDOFF contacted the UC who was equipped with an audio and video recording device to capture the exchange between the UC and CANDOFF. The following is a summary of the UC's encounter with CANDOFF.

20. Upon contacting CANDOFF, the UC referred to her by her first name "Tiffany." The UC apologized and CANDOFF replied, "I'm sorry." The UC told CANDOFF his dad opened

6

the box and kind of saw what is inside. CANDOFF replied with "uh hu." The UC told CANDOFF he saw what was inside, and saw it looked like some "dope type shit, like Pablo Escobar," and that his dad didn't want any issues with anyone. CANDOFF replied, "Oh no no, it's okay." The UC told CANDOFF he just wanted her to know since his dad's tag was on the Lyft. CANDOFF replied that they were good. The UC told CANDOFF they just wanted to be good, and she confirmed by saying they were good. The UC told CANDOFF that his dad was freaking out which is why he (UC) was handling it. The UC retrieved the package from the UC vehicle and placed it on the trunk of the UC vehicle. CANDOFF provided the UC with $110 United States Currency and told the UC "thank you." CANDOFF took possession of the subject parcel from the trunk of the UC vehicle and walked to her vehicle with the parcel. The UC told CANDOFF, "Thanks, have a good day." CANDOFF replied, "Thanks, you too." CANDOFF then entered her vehicle with the subject parcel.

21. The UC and CANDOFF both left the area. Agents conducted surveillance on CANDOFF after the transaction. During the surveillance, CANDOFF drove through residential neighborhoods and did not stop anywhere or contact anyone.

22. During the surveillance, at approximately 2:54 pm, after taking custody of the parcel from the UC, CANDOFF texted the UC, "Did you or your dad say anything to anyone just so im aware." The UC replied to CANDOFF, "No he only showed me. Just be careful that shit in there is could fuck u up."

23. Agents followed CANDOFF to the Tire Kingdom parking lot located at 1544 Palm Beach Lakes Boulevard, West Palm Beach, Florida. CANDOFF parked and exited her vehicle. CANDOFF opened the trunk of her vehicle and retrieved a black bag. Upon reentering the vehicle, the subject parcel showed movement on the GPS/signaling device. Thereafter, agents observed

7

CANDOFF exit her vehicle and walk to the dumpster of the Tire Kingdom located at 1544 Palm Beach Lakes Boulevard. Agents observed CANDOFF discard the brown ready post box. The brown ready post box was later recovered by agents and found to be the original ready post box containing the subject parcel.

24. After CANDOFF returned to her vehicle, agents received an alert notification which let agents know that the white USPS parcel containing the sham fentanyl and GPS/signaling device had been opened. Based on this alert notification, agents approached the vehicle and contacted CANDOFF. At that time, agents observed the opened white USPS parcel containing sham fentanyl.

25. Based on the facts outlined above, your affiant believes there is probable cause to charge CANDOFF with attempt to possess with intent to distribute 400 grams or more of fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1), 846 and 841(b)(1)(A)(vi).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
TYLER G. WITT
Task Force Officer, DEA

Sworn to and attested to me by Affiant on
this _8th_ day of October 2021, by Telephone
(Facetime) per Fed. R. Crim. P.4(d) and 4.1

_____
HON. SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. __21-8387-SMM__

IN RE:

APPLICATION AND AFFIDAVIT
FOR CRIMINAL COMPLAINT

_____/

**CRIMINAL COVER SHEET**

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?  ___ Yes ✓ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? ___ Yes ✓ No

3. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?  ___ Yes ✓ No

4. Did this matter originate from a matter pending in the Northern or Southern Region of the United States Attorney's Office prior to November 23, 2020 (Judge Aileen M. Cannon)? ___ Yes ✓ No

Respectfully submitted,

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

BY: _____
DANIEL E. FUNK
ASSISTANT UNITED STATES ATTORNEY
District Court No. A5501915
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel:     305-905-7509
Fax:    772-466-1020
Email:  daniel.funk@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-8387-SMM

**PENALTY SHEET**

**Defendant's Name: TIFFANY LORRAINE CANDOFF**

| COUNT | VIOLATION | U.S. CODE | MAX. PENALTY |
|---|---|---|---|
| 1 | Attempt to possess with intent to distribute 400 grams or more of fentanyl | 21 U.S.C. §§ 841(a)(1), 846 and 841(b)(1)(A)(vi) | Up to life imprisonment; Minimum of 10 years' imprisonment; Up to $10,000,000 fine; Supervised release of at least 5 years and up to life; $100 Special Assessment |